Dear Mayor Jacobs:
This office is in receipt of your request for an opinion of the Attorney General in regard to the powers of the Mayor and City Council under the Home Rule Charter for the City of Donaldsonville which operates under a Commission form of government, having a mayor, a commissioner of finance, and three commissioners elected by respective districts. Your request results from a controversy following the mayor's suspension of an employee for thirty days, which the council changed to three days. You set forth the following questions:
 1. Does the Mayor have the power to hire/fire and otherwise discipline city employees without the approval of the council? If so, under what circumstances?
 2. Does the council have the power to hire/fire and otherwise discipline city employees? If so, under what circumstances?
 3. Are the codes that are in conflict with the amended charter enforceable? If so, why? If not, why not?
 4. Some personnel actions per the personnel code require the approval of the council; are they in conflict with the amended charter, especially as it pertains to the mayors duties or specified in Section 3.02 of the amended charter?
 5. Is it against the state constitution and the Louisiana revised statutes for a home rule city like Donaldsonville to have a commission form of government that is not the same as the commission form of government delineated in R.S. 33:501 et seq?
It appears under the amended Charter the "Duties of Mayor" includes the authority to supervise and direct the administration and operation of all municipal departments in conformity with ordinances adopted by the council, and subject to state law, and civil service rules and regulations, and to "appoint and remove municipal employees". However, the controversy results from the authority of the mayor in light of the provisions of the personnel code which sets forth as its general purpose to "establish for the city a system of personnel administration based on established principles and policies governing the appointment, promotion, tenure, welfare, transfer, layoff, removal and discipline of its employees." The Code provides in Division 7, "Disciplinary action, separation and layoffs" for the order of disciplinary action. Pertinent provisions therein are as follows:
 Section 12.5-124. Suspension.
 (a) The personnel director may, for cause, suspend an employee without pay. Suspensions of up to three (3) workdays may be imposed on an employee solely on the authority of the personnel director.
 (b) Extension of a suspension beyond three (3) workdays, or additional suspensions to the first suspension for any employee in any two-month period, may be imposed by the personnel director with council approval.
 Sec. 12.5-126. Dismissal.
 Any employee may be dismissed for cause upon the recommendation of the department head, personnel director and the approval of the city council.
Significantly, in setting forth the duties of the mayor in the Charter, it provides the Mayor's supervision and direction of the operation of all municipal departments and the authority to appoint and remove municipal employees are subject to ordinances adopted by the council and applicable state law. However, we do not believe that the provisions of the preexisting personnel code must be considered in determining the extent of the mayor's authority to supervise the operation of the municipal departments. We feel the adoption of the Charter has replaced the personnel code in this respect, although we recognize the charter can be further amended or ordinances adopted to alter the authority and duties of the Mayor. Accordingly, the adopted amended Charter in setting forth the duties of the mayor must override the provisions of the personnel code wherein it is in conflict insofar as providing for discipline of employees by the personnel director.
Therefore, in response to your first and second question, we find the Mayor does have the power to hire/ fire and otherwise discipline city employees without the approval of the council under the provisions of the Charter, and the council does not have this authority by the wording of the amended charter.
In response to your third and fourth questions, as stated hereinabove, the code, wherein it conflicts with the amended Charter, is not enforceable, having been overridden by the adoption of contrary provisions. This would include the provisions of the personnel code that required approval of the council for disciplinary action, finding the Charter gives that authority to the Mayor to supervise and direct all municipal departments.
In your final question you ask whether it is against the state Constitution and Louisiana revised statutes for a home rule city to have a commission form of government that is not the same as delineated in R.S. 33:501 et seq. We note that the charter provides that the electors have adopted their home rule charter and that the "Municipal Government provided by this Home Rule Charter shall be known as the `commission' form of government." However, it further provides in Sec. 1-05, "General powers", that the city shall have all powers, rights, privileges, immunities and authority under the laws of the state, "including but notlimited to Louisiana Revised Statutes, Title 33:501-571, as amended." (Emphasis added.) The section then continues that the city "shall have and is hereby granted the right and authority to exercise any power and perform any function necessary, requisite or proper for the management of the city, not denied by this charter, or by general law, or inconsistent with the constitution."
We find that the City of Donaldsonville is operating under a Home Rule Charter that has designated its government as the "commission" form, but the commission form as established by statute is not that adopted in the Charter for it clearly states it is not limited to R.S. 33:501-571, the statutory provisions relative to establishment and operation as a commission form of government. To conclude it is bound to the statutory provisions for a commission form of government renders the provisions of the Charter adopted by the people ineffective, and this office has recognized that municipalities that operate pursuant to home rule charters are not subject to the provisions of R.S. 33:562. Atty. Gen. Op 93-154.
Art. VI, Sec 5, La. Const. 1974, provides in regard to a local government organized under a Home Rule Charter that the charter shall provide the structure and organization, powers and functions of the government of the local governmental subdivision which may include the exercise of any power and performance of any function necessary, requisite or proper for the management of its affairs "not denied by general law or inconsistent with this constitution." Therefore, we conclude that the City of Donaldsonville, operating under a
Home Rule Charter, can have a commission form of government that is not the same as that delineated in R.S. 33:501 et seq.
We hope this sufficiently answers your inquiries.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr